```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                      HOT SPRINGS DIVISION

JOSEPH McADAMS; JBM, LLC;
FLORIAN HOMM; ABSOLUTE RETURN
EUROPE FUND, LTD; THE LOYR FOUNDATIONS;
EUROPE CATALYST FUND; and RICHARD SMYTH;           PLAINTIFFS

v.                      CASE NO. 06-6020

WILLIAM McCORD; DANIEL MOUDY; LYNN
BRADLEY; DAVID COLWELL; and MOORE
STEPHENS FROST, PLC;                               DEFENDANTS

WILLIAM McCORD,                              COUNTER CLAIMANT

v.

JOSEPH McADAMS and FLORIAN HOMM,           COUNTER DEFENDANTS


DANIEL MOUDY and WILLIAM McCORD,        THIRD PARTY PLAINTIFFS

v.

UCAP, INC.,                              THIRD PARTY DEFENDANT
```

**MEMORANDUM OPINION AND ORDER**

Before the Court are the Motion to Dismiss (Doc. 13) by Defendant Moore Stephens Frost, PLC and related filings (Docs. 14, 27, 35); the Motion to Dismiss by Defendants William McCord and Daniel Moudy (Doc. 21) and related filings (Docs. 22, 28, 36). The Court previously converted these two Motions to Motions for Summary Judgment. (See Doc. 33). Also before the Court is a Motion to Dismiss by Defendants McCord and Moudy which seeks to dismiss the claims of Plaintiff Smyth based on a previous settlement agreement (Docs. 23, 24, 28, 34) and a Second Motion to Strike the Affidavits of Defendant Smyth filed by Defendants McCord and Moudy (Doc. 39).

This Court previously denied a Motion to Strike the Affidavits of Smyth (Doc. 29) filed by Defendants McCord and Moudy. (See Doc. 33). This Court held a hearing on September 19, 2006, regarding these Motions.

### I. Factual Background

Plaintiffs filed their Complaint in Garland County Circuit Court on April 13, 2006, alleging claims of fraud, state and federal securities violations, breach of fiduciary duty and breach of contract. Plaintiffs contend Defendants, certain directors and/or officers of UCAP, conspired to defraud Plaintiffs of ten million dollars by inducing them to invest in UCAP, a mortgage lender and brokerage company. Plaintiffs filed an Amended Complaint[1] on May 11, 2006, deleting Colleen Brewer as a Defendant and adding Moore Stephens Frost ("MSF"). Defendants McCord and Moudy removed the case to this Court on May 17, 2006.

Defendant William McCord filed counterclaims against Plaintiffs Florian Homm and Joseph McAdams alleging Homm promised to remove McCord from a personal guarantee on a note but failed to do so and he is entitled to indemnity and contribution from McAdams. Defendants Moudy and McCord further filed Third Party Complaints against UCAP, Inc. seeking indemnity.

---

[1] References herein to the "Complaint" or "Plaintiffs' Complaint" are references to Plaintiffs' First Amended Complaint.

## II. Standard for Motions to Dismiss

This Court originally converted the Motions to Dismiss to Motions for Summary Judgment. (*See* Doc. 33)  However, upon review of the arguments of the parties and evidence presented at the hearing held on September 19, 2006, as well as the intent of the heightened pleading requirements of the Private Securities Litigation Reform Act("PSLRA") and applicable law, the Court agrees the proper review of these Motions should be as Motions to Dismiss, rather than Motions for Summary Judgment.

A district court should not grant a motion to dismiss unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts which would entitle it to relief. *See Conley v. Gibson,* 355 U.S. 41,45-46(1957); *see also Coleman v. Watt,* 40 F.3d 255, 258 (8th Cir. 1994). The complaint is to be construed in the light most favorable to the plaintiff. As a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff has presented allegations that show on the face of the complaint that there is some insuperable bar to relief. *See Coleman,* 40 F.3d at 258.

As discussed below, the PSLRA requires a heightened standard of pleading to claims of securities fraud.

## III.  Discussion

A.   Second Motion to Strike

In their Renewed Motion to Strike Affidavits of Richard P.

Smyth, Defendants McCord and Moudy contend Smyth's affidavits do not contain fact but consist only of opinions, legal conclusions, and hearsay. Defendants McCord and Moudy argue these affidavits are not proper for consideration and should be stricken from the record.

In the Order converting the Motions to Dismiss (Docs. 13 and 21)to Motions for Summary Judgment, the Court denied Plaintiff's original Motion to Strike the affidavits of Smyth. In so doing, the Court acknowledged that it would consider the affidavits in reviewing the Motions. In the Renewed Motion to Strike, Defendants offer no new or compelling reasons why the Court should not consider the appropriate portions of Plaintiff Smyth's affidavits, but only restate the original arguments. Accordingly, the Renewed Motion to Strike Affidavits of Richard P. Smyth by Defendants McCord and Moudy (Doc. 39) is DENIED.

B.   Motion to Dismiss Claims of Plaintiff Smyth

Plaintiff Smyth's claims in this lawsuit are similar to allegations he brought in a series of lawsuits against UCAP and the defendants as officers and directors of UCAP in Superior Court of Fulton County, Georgia, the Circuit Court of Pulaski County Arkansas, and the District Court of Arapahoe County, Colorado. These previous lawsuits were globally settled by the execution of a Settlement Agreement and Mutual Releases, dated November 4, 2003.

Defendants McCord and Moudy contend Plaintiff Smyth settled

all of his claims against them in this November 2003 agreement and released them from "any and all claims, actions or causes of action or demands, whether in law or equity . . . presently in existence or which may arise in the future . . . which could have been asserted . . .."

Pursuant to this settlement agreement, Smyth was paid $650,000.00 in cash and 3 million shares of UCAP stock. Defendants McCord and Moudy argue the settlement agreement and release quoted above covers the present action and Smyth is barred from re-alleging his claims.

Plaintiffs contend Smyth's claims are not barred by the previous settlement agreement since Smyth alleges that he was fraudulently induced into signing the agreement. They contend Smyth's decision to settle was negotiated by UCAP counsel under McCord's guidance. As noted above, Smyth settled his claims in exchange for $650,000.00 in cash and 3 million shares of UCAP common stock. Smyth contends he accepted the stock based upon the belief the 3 million UCAP shares had a market value of $2 million. Plaintiffs contend this belief was inaccurate based upon the false financial statements and SEC filings. Defendants contend UCAP stock was trading at $.085 per share on the day the settlement agreement was signed and Smyth should have known the value of the stock was less than $2 Million at the time he made the agreement.[2]

---

[2] At $.085 per share, 3 million shares would be valued at $255,000.00.

The settlement agreement at issue is to be construed under Georgia law, pursuant to its choice of law clause.  Georgia law allows two alternatives to a signatory of a contract who believes his or her participation in the contract was fraudulently induced.  The signatory can either rescind the contract and sue for fraud or sue for breach of the contract.  *See e.g., Ousley v. Foss*, 374 S.E.2d 534, 535-36 (1988).  Defendants Moudy and McCord contend Plaintiff Smyth has neither rescinded the contract, nor has he stated a claim for breach of contract.  Plaintiff contends his allegation that he was fraudulently induced should be given deference by the Court at this stage of the proceedings.

A review of the Complaint shows no claim for breach of contract was made by Smyth.  Smyth is then limited to a claim for fraud.  However, Smyth never rescinded his settlement agreement.  Smyth never tried to repay the shares or cash he received under the settlement agreement with UCAP.  Even if Smyth can show fraudulent inducement, under these facts and applicable Georgia law, it appears beyond a reasonable doubt that Plaintiff Smyth can prove no facts which would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41,45-46 (1957); *see also Coleman v. Watt,* 40 F.3d 255, 258 (8th Cir. 1994).  Accordingly, the Motion to Dismiss claims of Plaintiff Smyth based upon settlement agreement is GRANTED.

C.   Motion to Dismiss- by Moore Stephens Frost, PLC

Moore Stephens Frost is a public accounting firm in Little

Rock which conducted the fiscal year-end 2001 and 2002 audits for UCAP which were included in UCAP's SEC filings for those years. MSF moves to dismiss Plaintiffs' complaint because Plaintiffs failed to plead the fraud claims with particularity, cannot satisfy the elements of an Arkansas Securities Act claim, cannot bring claims against MSF for breach of contract or fiduciary duties as MSF was not in privity of contract with Plaintiffs and because the claims are barred by the applicable statutes of limitation.

Plaintiffs contend that UCAP's officers, with the active participation of MSF, engaged in a scheme from 2000 to April 15, 2004, to defraud Plaintiffs and the investing public of over $10 million, using material misrepresentations of fact and omissions of material facts in SEC documents.  Plaintiffs claim MSF's work was grossly deficient and MSF had knowledge of UCAP's financial irregularities, but remained silent. Plaintiffs also contend their claims against MSF were filed within the statutes of limitations period.

i. Federal Securities Fraud Claims

The Private Securities Litigation Reform Act of 1995, Pub.L. No. 104-67, 109 Stat. 737 (the Reform Act), dictates a modified analysis of a Motion to Dismiss from that reflected above because of special heightened pleading rules. As always, the Court must view the factual allegations in the light most favorable to the plaintiff, *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th

Cir. 1997), but at the same time, in the context of securities fraud, must "disregard 'catch-all' or 'blanket' assertions that do not live up to the particularity requirements of the [Reform Act]," *Florida State Bd. of Admin. v. Green Tree,* 270 F.3d 645, 660 (8th Cir. 2001).

Rule 10b-5, promulgated by the Securities and Exchange Commission under section 10(b) of the Act, prohibits fraudulent conduct in the sale and purchase of securities," and section 20 extends liability for this conduct to any "controlling person." *In re Navarre Corp. Sec. Litig.,* 299 F.3d 735, 741 (8th Cir.2002) (citing 15 U.S.C. §§ 78j, 78t(a); 17 C.F.R. § 240.10b-5). "Complaints brought under Rule 10b-5 and section 10(b) are governed by special pleading standards adopted by Congress in the [Reform Act]. These pleading standards are unique to securities and were adopted in an attempt to curb abuses of securities fraud litigation." *Navarre Corp.,* 299 F.3d at 741.

Congress enacted two heightened pleading requirements in the Reform Act. First, the Reform Act requires the plaintiff's complaint to specify each misleading statement or omission and specify why the statement or omission was misleading. 15 U.S.C. § 78u-4(b)(1) (Supp. IV 1998). If the allegation "is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." *Id.* Similarly, Rule 9(b) of the Federal Rules of Civil Procedure has

-8-

long required that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The text of the Reform Act was designed "to embody in the Act itself at least the standards of Rule 9(b)." *Greebel v. FTP Software, Inc.,* 194 F.3d 185, 193 (1st Cir.1999).

Second, Congress stated in the Reform Act that a plaintiff's complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2); *Green Tree,* 270 F.3d at 654. The Reform Act requires the court to dismiss the complaint if these requirements are not met. 15 U.S.C. § 78u-4(b)(3). "[U]nder the Reform Act, a securities fraud case cannot survive unless its allegations collectively add up to a strong inference of the required state of mind." *Green Tree,* 270 F.3d at 660.

"Congress has effectively mandated a special standard for measuring whether allegations of scienter survive a motion to dismiss. While under Rule 12(b)(6) all inferences must be drawn in plaintiffs' favor, inferences of scienter do not survive if they are merely reasonable . . .. Rather, inferences of scienter survive a motion to dismiss only if they are both reasonable and 'strong' inferences." *Id.* (quoting *Greebel,* 194 F.3d at 195-96) (alterations in original).

The alleged false and misleading statements that form the basis for Plaintiffs fraud claim are in UCAP financial statements,

-9-

press releases and annual filings made with the Securities and Exchange Commission for fiscal years 2001 and 2002, and periodic filings for December 31, 2002 and March 31, 2003. However, the Complaint does not identify any misleading statements or omissions by MSF. Under the PSLRA, "the circumstances of the fraud must be state with particularity, including 'such matters as the time, place and contents of false representations, as well as, the identity of the person . . . and what was obtained or given up . . . .. This means who, what, when, where, and how." *In re: K-Tel Int'l , Inc. Sec. Lit.*, 300 F.3d 881, 890 (8th Cir. 2002 )(quoting *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549-50 (8th Cir. 1997)). The only statement related to Defendant MSF appears to be a public filing on February 14, 2003 containing financial information for the period ending September 30, 2002. Plaintiffs contend this release was improper because it occurred after Don Cole, a non-party to this suit and one of MSF's partners, was deposed. There nothing further provided in the Complaint regarding the statement, its contents, or the outcome. General allegations are made in the Complaint including a reduction in equity of $3.5 Million that was undisclosed and insider transactions that were not properly recorded. However, there are no specific statements, dates, or other relevant information pled regarding these allegations.

In addition to this lack of particularity, the Complaint fails

to meet the scienter pleading requirement under the PSLRA.  A plaintiff meets the scienter requirement by showing a deliberate intent to deceive or recklessness.  The Complaint can not rest on "catch-all or blanket" assertions or conclusory claims of "fraud" or recklessness" to meet the PSLRA's standard.  The Complaint fails to identify actual statements made by MSF, how, when, why, and in what context.  Also crucial is that the Complaint does not allege why MSF should have known these "statements" were false at the time they were made.  In total, the Complaint fails to plead the federal securities fraud claim against MSF with the required particularity under the PSLRA and is DISMISSED.

  ii.  Common Law Fraud Claim

  Plaintiffs' common law claim is similar to the federal securities act claim.  Plaintiffs must plead this claim with particularity under Federal Rule of Civil Procedure 9(b).  Again, it is the "who, what, where, when, and how" of the alleged fraud that must be pled.  *Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 550 (8th Cir. 2006).

  Plaintiffs have not alleged the "who, what, where, and how" of their common law claims against MSF.  Similar to the Federal Securities law claims, Plaintiffs have not specified what statements made by MSF were fraudulent and when and how those statements were made.  For the reasons recited above concerning Plaintiffs' federal securities law claims, the common law fraud

claim against Defendant MSF is DISMISSED.

    iii.  Arkansas Securities Act Claims

Plaintiffs allege claims against MSF for primary liability and aiding and abetting liability.  MSF contends the Arkansas Securities Act Claims must be dismissed for the same reasons as the federal securities fraud claims, specifically, for a failure to plead the claims with particularity.  MSF contends the claims for aiding and abetting liability also must fail because there is no allegation of an agency relationship, no allegations of an underlying securities violation, and no allegations that MSF "materially aided" in any underlying securities violation – all of which MSF contends are essential elements of the claim.  MSF further alleges the transactions do not involve "securities" under Arkansas law and that the claims are time barred by the applicable statute of limitations.

For the reasons stated above regarding Plaintiff's failure to plead with particularity, the Motion to Dismiss the Arkansas Security Act claims against MSF is GRANTED.

    iv.  Breach of Contract and Breach of Fiduciary Duty Claims

MSF argues Plaintiffs have failed to adequately present a breach of contract or breach of fiduciary duty claim against it.  As noted by MSF, the Complaint is ambiguous as to whether MSF was to be named in these claims.  However, Plaintiffs in their reply to MSF's Motion to Dismiss fail to address the breach of contract and

breach of fiduciary duty claims and apparently agree these claims should be dismissed against Defendant MSF. Accordingly, the Motion to Dismiss is GRANTED as to the breach of contract and breach of fiduciary duty claims against Defendant MSF.

    v.   Statutes of limitation

MSF contends the statute of limitations for Plaintiffs' claims under 10(b)(5) of the Securities Exchange Act were not brought within the Applicable two year/five year statute of limitation under the Sarbanes-Oxley Act.  MSF also contends the common law fraud claim and Arkansas Securities act claim are barred by a three-year statute of limitations.  Plaintiffs have stated a claim sufficient to survive a Motion to Dismiss on this point, given the possible applicability of equitable tolling.  The Motion to Dismiss is DENIED to the extent it seeks dismissal due to the statue of limitations.

D.   <u>Motion to Dismiss - by Defendants McCord and Moudy</u>

Defendants McCord and Moudy move to dismiss the complaint for failure to state claims on many of the same reasons as MSF, namely that Plaintiffs failed to sufficiently plead the fraud claims with particularity and within the statute of limitations periods. McCord and Moudy further state Plaintiffs lack standing to assert their claims for breach of fiduciary duties in their individual capacities as they can show no harm to themselves that is separate from the alleged harm to UCAP.  Finally, McCord and Moudy claim

-13-

Plaintiffs failed to allege a breach of contract claim as neither of them entered into a contract with Plaintiffs.

Plaintiffs contend their amended complaint contains numerous specific instances of alleged fraud by McCord and Moudy in their capacities as officers of UCAP. Plaintiffs contend their claims are not barred by the statutes of limitations as they first discovered the fraud on April 15, 2004, when UCAP filed an amended Form 8K with the SEC that for the first time alerted the public that UCAP would have to restate its financial statements for 2001 and 2002. Plaintiffs contend their federal claims were filed within two years of this date or, alternatively, equitable tolling is proper. Plaintiffs contend their state claims are subject to equitable tolling due to fraudulent concealment.

Plaintiffs contend their breach of fiduciary duty claims are proper as they have alleged McCord and Moudy "engaged in self dealing, looting of UCAP, payment of compensation and expenses," all of which damaged UCAP yet resulted in a separate and distinct financial loss to Plaintiffs.

i. Federal Securities Fraud Claims

Pursuant to the analysis regarding the Federal Securities Fraud Claims against Defendant MSF, the Federal Securities Fraud claims against Defendants McCord and Moudy also are dismissed for failure to plead with particularity. The same claims and paragraphs of Plaintiffs' Complaint which alleged these claims

against Defendant MSF allege these claims against Defendants McCord and Moudy. Accordingly, the Court does not reach McCord and Moudy's claims regarding the statute of limitations for Federal Securities Claims.

    ii.  Common Law Fraud Claims

As the Motion to Dismiss the Federal Securities Fraud Claims against Defendants McCord and Moudy involve the same parts of the Complaint as the claims against Defendant MSF, so also do the Common Law Fraud Claims. As discussed above, these claims are subject to dismissal for failure to plead with particularity. These are the same claims and paragraphs of the complaint as discussed above regarding Defendant MSF and the same analysis applies to Defendants McCord and Moudy. The claims for Common Law Fraud are DISMISSED.

    iii. Arkansas Securities Act Claims

McCord and Moudy contend Plaintiffs can not bring their claims under the securities laws of Arkansas because they are not legal entities, are not Arkansas Residents, are sophisticated investors, and did not purchase securities. Specifically, McCord and Moudy contend Plaintiffs do not meet the statutory requirement for "an offer to sell . . .[a security] . . .made in this state," that as sophisticated investors they lack standing, and Plaintiffs failed to establish they purchased "securities" within the meaning of the Arkansas Securities Act. Similar to the claims against Defendant

MSF, the Arkansas Securities Act Claims fail to meet the pleading requirements for these types of claims and those claims are DISMISSED.

    iv.  Breach of Fiduciary Duty Claims

McCord and Moudy contend Plaintiffs have not alleged the Defendants breached any duty to UCAP resulting in a direct injury to plaintiffs that is distinct and separate from harm caused the corporation.  Plaintiffs contend they have shown evidence of self dealing and looting, among others, which resulted in a separate and distinct financial loss to Plaintiffs.

Given the standard of a Motion to Dismiss, and construing the Complaint in the light most favorable to the Plaintiff, the Court finds that Plaintiffs have alleged enough to survive the Motion to Dismiss.  Plaintiffs have stated many claims of self-dealing and provided examples of separate and distinct losses to the separate Plaintiffs.  Accordingly, the Motion to Dismiss the Breach of Fiduciary Duty Claims is DENIED.

    v. Claims for Breach of Contract

McCord and Moudy contend Plaintiff Homm and Plaintiff McAdams failed to state a claim for breach of contract.  These Defendants argue Plaintiffs Homm and McAdams fail to properly plead the cause of action they seek.  Plaintiffs Homm and McAdams do not address this argument in their response.  The breach of contract claims brought by Plaintiff Homm and Plaintiff McAdams are one sentence

each and do not set out the necessary elements to sustain these claims.  Accordingly, the Motion to Dismiss Plaintiff Homm and Plaintiff McAdams' claims for Breach of Contract against Defendants McCord and Moudy is GRANTED.

## IV. Conclusion

For the reasons stated herein, The Motion to Strike Affidavits of Plaintiff Smyth is DENIED, the Motion to Dismiss Claims of Plaintiff Smyth based on Settlement Agreement is GRANTED. Defendant MSF's Motion to Dismiss is GRANTED in part and DENIED in part.  It is GRANTED as to Plaintiffs' Federal Securities Fraud Claims against MSF, GRANTED as to Plaintiffs' Common Law Fraud Claim against MSF, GRANTED as to Plaintiffs Arkansas Securities Act Claims against MSF, Granted as to the Breach of Contract and Breach of Fiduciary Duty Claims against MSF, and DENIED as to Defendant MSF's argument that Plaintiffs' Claims are barred by the statute of limitations.  Defendant McCord and Moudy's Motion to Dismiss is GRANTED in part and DENIED in part.  The Motion is GRANTED as to Plaintiffs Federal Securities Fraud Claims against Defendants McCord and Moudy, GRANTED as to Plaintiffs' Common Law Fraud Claims against Defendants McCord and Moudy, GRANTED as to Plaintiffs' Arkansas Securities Act Claims against Defendants McCord and Moudy, DENIED as to Plaintiffs' Breach of Fiduciary Duty Claims against Defendants McCord and Moudy, and GRANTED as to Plaintiffs' Claims for Breach of Contract against Defendants McCord and Moudy.  These

dismissals are without prejudice.  Plaintiffs will be given ten (10) days from the date of this Order to file an Amended Complaint. IT IS SO ORDERED.

|  |  |
|---|---|
| Dated:   March 27, 2007 | _/s/ Robert T. Dawson_<br>Robert T. Dawson<br>United States District Judge |