```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                       HOT SPRINGS DIVISION
```

JOSEPH McADAMS; JBM, LLC;
FLORIAN HOMM; ABSOLUTE RETURN
EUROPE FUND, LTD; THE LOYR FOUNDATIONS;
EUROPE CATALYST FUND; and RICHARD SMYTH;           PLAINTIFFS

v.                         CASE NO. 06-6020

WILLIAM McCORD; DANIEL MOUDY; LYNN
BRADLEY; DAVID COLWELL; and MOORE
STEPHENS FROST, PLC;                               DEFENDANTS

WILLIAM McCORD;                                    COUNTER CLAIMANT

v.

JOSEPH McADAMS and FLORIAN HOMM;                   COUNTER DEFENDANTS


DANIEL MOUDY and WILLIAM McCORD;                   THIRD PARTY PLAINTIFFS

v.

UCAP, INC.;                                        THIRD PARTY DEFENDANT

## ORDER

This case is before the Court on Defendants' Second Joint Motion to Dismiss Claims of Plaintiff Richard Smyth (Doc. 48), the Motion to Dismiss Plaintiffs' Second Amended Complaint by Defendant McCord (Doc. 50), the Motion to Dismiss Plaintiffs' Second Amended Complaint by Defendant Moudy (Doc. 52), and the Motion to Dismiss the Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12 (b)(6) by Defendant Moore Stephens Frost, PLC (Doc. 54).

The Court previously granted Defendants Motions to Dismiss Plaintiffs' Original Complaint as it failed to comply with the

heightened standards of pleading required by the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Federal Rule of Civil Procedure 9(a) (See Doc. 42).  The Court also found Plaintiffs' common law and Arkansas statutory fraud claims similarly flawed, but did not dismiss Plaintiffs' claims of breach of fiduciary duty against Defendants McCord and Moudy.  The facts and background of this case were summarized in the Court's previous Order (Doc. 42) and will not be restated.

Although Plaintiffs' Complaint has expanded to 225 pages, Plaintiffs still fail to specifically state facts sufficient to meet the standards of the PLSRA.  Most of the additional volume of the Complaint concerns general accounting principles, not specific facts of the alleged investments and misrepresentations of the parties to this case.  Plaintiffs have introduced a new theory of "accounting fraud" in the Second Amended Complaint, but this theory is based on the actions of independent contractor and auditor (and non-party) Don Cole and Defendant Bradley.  These claims fail to meet the standard of pleading demanded by the PSLRA for the same reasons noted in the Court's previous order.

Furthermore, the claims of breach of fiduciary duty against Defendant McCord will be dismissed as he was only the director of UCAP from November 2001 to February 2002 and there are no specific allegations of fraud during this time period.  Plaintiffs also do not allege any specific investments by a Plaintiff during this time

frame.  The claims of breach of fiduciary duty against Defendant Moudy are sufficient to withstand the Motion to Dismiss.

Additionally, Plaintiffs have not demonstrated how the claims of Plaintiff Smyth are not barred by settlement agreement as noted in the Court's previous Order (Doc. 42).

For the reasons reflected in the Court's previous Order (Doc. 42), the Defendants' Second Joint Motion to Dismiss Claims of Plaintiff Richard Smyth (Doc. 48) is GRANTED, the Motion to Dismiss Plaintiffs' Second Amended Complaint by Defendant McCord (Doc. 50) is GRANTED, the Motion to Dismiss Plaintiffs' Second Amended Complaint by Defendant Moudy (Doc. 52) is GRANTED in part and DENIED in part, and the Motion to Dismiss the Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12 (b)(6) by Defendant Moore Stephens Frost, PLC (Doc. 54) is GRANTED.

Only the Plaintiffs' claims against Defendant Moudy for breach of fiduciary duty remain at this time.  As to all other claims against all other Defendants, Plaintiffs' Second Amended Complaint is DISMISSED.

Defendant Moudy is directed to Answer the remaining claim in the Second Amended Complaint within twenty (20) days of the date of this Order.

IT IS SO ORDERED.

Dated:   August 28, 2007

/s/ Robert T. Dawson
Robert T. Dawson
United States District Judge